UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

CHRISTOPHER PAPE,
                Plaintiff,

vs.

ELECTRONIC ARTS, INC. and
INETVIDEO.COM

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Case No. 07 cv 5760 (RMB)

**DEFENDANT ELECTRONIC ARTS, INC.'S MOTION FOR A MORE DEFINITE STATEMENT**

       Defendant Electronic Arts Inc. ("EA") respectfully requests that Plaintiff Christopher Pape ("Plaintiff") be required to furnish a more definite statement of the nature of his claim pursuant to Fed. R. Civ. P. 12(e). In his Complaint, Plaintiff claims that the copyright in his painting of the word "Freedom" on the wall of an unidentified building in New York City in the year 1983 was infringed by EA's video game entitled "*Freedom Fighters.*" (Complaint, ¶¶ 7, 9). However, Plaintiff's Complaint fails to provide clear copies of (or otherwise identify with specificity) either: (1) the work that he contends was infringed or (2) the particular material within the game that he contends is infringing. Accordingly, the Complaint fails to meet the minimum pleading requirements of Fed. R. Civ. P. 8(a) and is so ambiguous that EA cannot reasonably be required to prepare a responsive pleading.

       A motion for a more definite statement under Rule 12(e) should be granted where a complaint fails to comply with the pleading requirements of Rule 8(a). *MTV Networks v. Curry*, 867 F. Supp. 202, 207 (S.D.N.Y. 1994). With respect to a claim for copyright infringement, Rule 8(a) "requires that the particular infringing acts be set out with some specificity." *Franklin Electronic Publishers v. Unisonic Prod. Corp.*, 763 F. Supp. 1, 4 (S.D.N.Y. 1991). A complaint in a copyright infringement case must therefore, among other things, allege "which specific works are the subject of the copyright claim." *Kelly v. L.L. Cool*

*J.*, 145 F.R.D. 32, 37 (S.D.N.Y. 1992); *see also Tom Kelley Studios, Inc., v. Int'l. Collectors Society, Inc.*, No. 97 Civ. 0056, 1997 U.S. Dist. LEXIS 14571 at *3 (S.D.N.Y. Sept. 25, 1997) (copyright infringement plaintiff failed to meet Rule 8(e) pleading requirements where images attached to complaint were blurry and indistinct). The Plaintiff here has not sufficiently identified any works related to the copyright claim – neither his own work that he contends was infringed, nor EA's work that he claims is infringing.

Paragraph 7 of the Complaint states that a copy of the Plaintiff's painting is annexed to the Complaint as Exhibit A. In fact, Exhibit A is not a copy of Plaintiff's work, but a copyright registration. Complaint, Exh. A. EA attempted to obtain a copy of Plaintiff's work from the United States Copyright Office, but was told that the deposit copy of the work was unavailable. Thereafter, in a telephone conversation on August 29, 2007, EA's counsel asked Plaintiff's counsel for a copy of the allegedly-infringed work, and although EA's counsel received a photocopy of the Plaintiff's work on September 25, 2007, the copy is black-and-white, grainy and indistinct. Declaration of John W. Crittenden, executed on September 26, 2007 ("Crittenden Decl."), ¶¶ 9-11, Exh. 3.

Moreover, although the Complaint states that the work consists of "a painting entitled 'Freedom' on wall [sic] of a building located in the County, City, and State of New York," this description is too ambiguous to enable EA to locate the work. In a later call on September 26, 2007, Plaintiff's counsel advised EA's counsel that the work appears in a magazine, but could not identify the magazine, nor the specific location of the work or whether it is still in existence. *Id.*, ¶ 13. EA cannot be expected to respond to a claim of copyright infringement without a clear, full-color copy of the work that is supposedly infringed and complete description of its physical location.

Plaintiff's Complaint is similarly unhelpful in identifying the allegedly infringing work. Plaintiff claims that his work is infringed by EA's video game entitled *Freedom Fighters*,

2

but the Complaint does no more than reference *Freedom Fighters* by name. It does not include an image of, or otherwise describe, any allegedly infringing material within the game.

*Freedom Fighters* is an alternate-reality video game set in the 1980s, in a fictional New York that has been overrun by the Soviet military. Crittenden Decl., ¶5. Central to the game are members of a group who note their resistance to Soviet occupation by writing the word "Freedom" on area walls. *Id.* Scenes in the game depict the word "Freedom" in graffiti in at least two forms, one in simple line lettering, and another in a more elaborate style of lettering in which the letters are capitals, in a "stars and stripes" motif evocative of the American flag. *Id.*, ¶¶ 5-7 and Exhs. 1, 2.

During the aforementioned call on August 29, 2007, EA's counsel asked Plaintiff's counsel to identify and provide images of the material in the *Freedom Fighters* game that Plaintiff claims constitute an infringement of Plaintiff's work. Crittenden Decl., ¶ 9. Plaintiff's counsel was unable to identify any particular scene or image, saying that he had not looked at the *Freedom Fighters* video game. However, counsel stated that the Plaintiff himself had seen the game and told counsel that it contained what the Plaintiff believed was an infringement of the work. *Id.*

The Plaintiff's work as it appears in the photocopy that EA's counsel received on September 25, 2007 from Plaintiff's counsel (Crittenden Decl. Ex. 3) is substantially different in appearance from the examples of "Freedom" graffiti from *Freedom Fighters* (Crittenden Decl. Exhs. 1 and 2). The Plaintiff's work appears to include some of the letters of the word "Freedom," particularly the letters "ee," which appear in lower case, and the letters "d" and "m" in capitals, with a heart whether the letter "o" would be. *Id.*, ¶11 and Exh. 3. But, unlike the example of "Freedom" graffiti from the game in Exhibit 1 to the Crittenden Declaration, Plaintiff's work does not use simple line lettering. *Id.*, ¶¶ 6, 11 and Exhs. 1, 3. And, unlike the example of "Freedom" graffiti from the game in Exhibit 2 to the declaration, it does not appear

3

from the copy provided that the Plaintiff's work uses a "stars and stripes" motif from the American flag, nor does it depict the word in all capital letters. *Id.,* ¶¶ 7, 11 and Exhs. 2, 3. In addition, the copy provided of the Plaintiff's work appears to substitute a heart for the letter "o," which is not present in either version of "Freedom" graffiti from the game. *Id.,* ¶¶ 6-7, 11 and Exhs. 1-3.

In short, the only similarity that EA is able to discern between Plaintiff's work and the graffiti in the *Freedom Fighters* game is in the common use of the word "Freedom" – and Plaintiff certainly cannot claim copyright in a single word, as that word obviously is not an "original work[] of authorship" created by Plaintiff. 17 U.S.C. § 102(a). Thus, despite EA's best efforts to try to divine the basis for Plaintiff's claim, it remains completely in the dark.

Of course, Defendants should not have to guess as to what Plaintiff claims is infringed and what allegedly infringed it. Naturally, without a clear, full-color image and physical location of the plaintiff's allegedly-infringed, copyrighted work and without an image of the allegedly infringing work and a description of where it appears in the video game, EA cannot meaningfully respond to the Complaint. Specifically, EA cannot address the following issues that are material to claims or defenses in this copyright case:

1) Whether the allegedly copied work was indeed original to the Plaintiff, as opposed to an uncopyrightable idea, a stock element or "scène á faire," or something already in the public domain. *See, e.g., Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991) (originality); *Walker v. Time-Life Films, Inc.*, 784 F.2d 44 (2d Cir. 1986) (scène á faire).

2) Whether the Plaintiff's work and the allegedly infringing work are substantially similar, as would be required to give rise to the inference that the Plaintiff's work was indeed copied. *See, e.g., Ringgold v. BET, Inc.*, 126 F.3d 70 (2d Cir. 1997) (substantial similarity).

3) Whether there are dissimilarities between the Plaintiff's work and the allegedly infringing work substantial enough to negate substantial similarity and the inference of copying.

4) Whether the Plaintiff's work was indeed something to which EA video game designers had access, or to the contrary, work that EA game designers had never seen before. *See, e.g., Silberstein v. Fox Entertainment Group, Inc.*, 424 F. Supp. 2d 616 (S.D.N.Y. 2004) (independent creation).

5) Whether EA is entitled to a specific defense, such as fair use under Section 107 of the Copyright Act, abandonment or innocent infringement, among others. *See, e.g., Wright v. Warner Books, Inc.*, 953 F.2d 731 (2d Cir. 1991) (fair use); *Schatt v. Curtis Mgmt. Group, Inc.*, 764 F. Supp. 902 (S.D.N.Y. 1991) (abandonment); 17 U.S.C. § 405 (innocent infringement).

Indeed, what EA has been able to determine informally on the basis of the limited information and indistinct image of the Plaintiff's work that has been provided and its own investigation strongly indicates there is not a basis for a claim of infringement, due to the lack of substantial similarity of the parties' works in question. If, on the other hand, EA has made an incorrect assumption as to what Plaintiff contends infringes his work, and somehow overlooked something, it is important that EA be given clear notice of the alleged infringement in the Complaint, in keeping with Rule 8(a) of the Federal Rules. In any event, requiring Plaintiff to identify and provide copies of the allegedly-infringing material will ensure that this action proceeds on the basis of a reasonable inquiry under the circumstances and upon allegations and other factual contentions that have or are likely to have evidentiary support, as the Federal Rules require. Clear notice of the factual basis for the claim may also facilitate the early disposition of this action.

Accordingly, EA moves pursuant to Fed. R. Civ. P. 12(e) that Plaintiff be ordered to furnish a more definite statement of the nature of his claim as set forth in his Complaint, in particular, by amending his pleading to provide: (1) a clear, color copy of the plaintiff's allegedly-infringed work, as well as a specific description of the work's location and (2) an image of the relevant scene or scenes within the *Freedom Fighters* game depicting the allegedly-infringing material, as well as a specific description of the material and its location in the game, within either the 10-day period suggested by Rule 12(e) or another period that the Court deems appropriate.

Dated: New York, New York
September 27, 2007

Respectfully submitted,

COOLEY GODWARD KRONISH LLP

_____
Daniel H. Davis (DD-0090)

1114 Avenue of the Americas
New York, NY 10036-7798
Phone: (212) 479-6000
Fax:    (212) 479-6275

John W. Crittenden
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Phone: (415) 693-2000
Fax:    (415) 693-2222

*Attorneys for Defendant Electronic Arts Inc.*