UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
:
CHRISTOPHER PAPE, :
             Plaintiff, :   Case No. 07 cv 5760 (RMB)
:
    vs. :   **DECLARATION OF**
:   **JOHN W. CRITTENDEN**
:   **IN SUPPORT OF DEFENDANT**
ELECTRONIC ARTS, INC. and :   **ELECTRONIC ARTS, INC.'S**
INETVIDEO.COM :   **MOTION FOR A MORE**
:   <u>**DEFINITE STATEMENT**</u>
:
             Defendants. :
------------------------------------- X

        I, JOHN W. CRITTENDEN, declare:

        1.     I am a member of Cooley Godward Kronish LLP, counsel of record to Defendant Electronic Arts Inc. ("EA") in this action. I am a member in good standing of the State Bar of California and have been admitted to appear before this Court in this action *pro hac vice*. I submit this declaration in support of EA's Motion for a More Definite Statement.

        2.     Paragraph 7 of the Complaint in this action alleges that Plaintiff Christopher Pape owns the copyright in a painting entitled "Freedom" on a wall somewhere in the borough of Manhattan in New York City. It also states that "[a] copy of said mural painting is annexed [to the Complaint] as Exhibit A (the 'Work')." However, the copy of the Complaint that was served on EA did not include a copy of the allegedly infringed work. I requested a copy of the Complaint in the Court file, and it likewise lacked a copy of the Plaintiff's work.

        3.     Exhibit A to the Complaint appears to be a copyright registration form for the Plaintiff's work. I asked my staff to attempt to obtain the deposit copy of the Plaintiff's work

from the Copyright Office, but they were informed that the copy was missing from the Copyright Office file.

4.  Paragraphs 8 and 9 of the Complaint in this action allege that EA infringed Plaintiff's copyright in his work in an electronic video game called *Freedom Fighters*. The Complaint does not provide an image of the material in the game which Plaintiff contends infringes his work, nor does it identify the allegedly-infringing material with any specificity (e.g., by location or description).

5.  I am informed and believe that *Freedom Fighters* is an alternate-reality video game set in the 1980s in a fictional New York that has been overrun by the Soviet military, and that central to the game are members of the group who note their resistance to Soviet occupation by writing the word "Freedom" on area walls. I have not personally played the game but have seen screen shots from the game that include various different depictions of graffiti, including a number of examples that include the word "Freedom" in one of two forms, one simple, and the other more elaborate.

6.  Attached hereto as Exhibit 1 is a true and correct copy of what I am informed and believe is an image from *Freedom Fighters* depicting graffiti including the word "Freedom" in simple line lettering.

7.  Attached hereto as Exhibit 2 is a true and correct copy of what I am informed and believe is an image from *Freedom Fighters* depicting graffiti including the word "Freedom" in a more elaborate style of lettering, and in which the letters are capital letters in a "stars and stripes" motif evocative of the American flag.

8. On August 29, 2007, I placed a telephone call to Carl Kaminsky, counsel for Plaintiff in this action. During the course of this discussion, I asked that Mr. Kaminsky provide to me a copy of the Plaintiff's allegedly-infringed work at issue in this case. He agreed to send me a copy.

9. During the same conversation on August 29, 2007, I also asked that Mr. Kaminsky identify and provide images of the material within *Freedom Fighters* that the Plaintiff claims constitute an infringement of his work. Mr. Kaminsky was unable to do so, and stated that he had not seen the *Freedom Fighters* video game, although he stated that the Plaintiff himself had seen the game and had told him (Mr. Kaminsky) that it contained what the Plaintiff believed was an infringement of his work.

10. On September 25, 2007 I received in the mail from Mr. Kaminsky a photocopy of about 3¼ inches by 7 inches of what appears to be a wall painted with graffiti, along with a letter indicating that this was a copy of the deposit copy submitted to the Copyright Office of Plaintiff's work at issue in this action. A true and correct copy of that photocopy is attached hereto as Exhibit 3.

11. The photocopy of the Plaintiff's work in Exhibit 3 is in black-and-white, and the image is grainy and indistinct. It provides no indication as to the location of the work. It does appear to include some of the letters of the word "Freedom," particularly the letters "ee," which appear in lower case, and the letters "d" and "m" in capitals, with a heart whether the letter "o" would be. It does not appear from this copy that the design uses a "stars and stripes" motif from the American flag.

12. To this date, Mr. Kaminsky has not responded to my request that he identify the allegedly-infringing material in *Freedom Fighters*.

      13.    On September 26, 2007 I contacted Mr. Kaminsky by telephone. I told him that the photocopy of the Plaintiff's work I received from him appeared totally different from the "Freedom" graffiti in the screen shots from *Freedom Fighters* I had seen. Mr. Kaminsky replied that he still had not seen the game or images therefrom, but repeated that the Plaintiff had seen the game and told him that it included a copy of his work. Mr. Kaminsky said that the picture of the Plaintiff's work he provided me came from a magazine, but he could not identify the magazine, nor could he tell me the specific location of the Plaintiff's work or whether it was still in existence. I advised him that under the circumstances we would need to make a motion for more definite statement.

      I declare under penalty of perjury that the foregoing is true and correct under the laws of the United States.

Executed at San Francisco, California, on September 26, 2007.

_____
JOHN W. CRITTENDEN