```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/10/07
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
CHRISTOPHER PAPE,

                Plaintiff,               07 Civ. 5760 (RMB)

    -against-                          **ORDER**

ELECTRONIC ARTS, INC. and
INETVIDEO.COM,

                Defendants.
------------------------------------------------------------X

## I.  Introduction

On June 18, 2007, Christopher Pape ("Plaintiff") filed a complaint ("Complaint") against Electronic Arts, Inc. and InetVideo.com (collectively, "Defendants") alleging, among other things, that Defendants "infringed and continue to infringe Plaintiff's copyright [in his painting] . . . by including Plaintiff's work in [Defendants'] electronic video game." (See Compl. ¶¶ 7–8 (Plaintiff "created . . . a painting entitled 'Freedom,'" and "Defendants infringed and continue to infringe Plaintiff's copyright . . . by wrongfully copying . . . adapting . . . distributing . . . and/or displaying . . . the copyrighted work by including [it] in a[n] electronic video game" named Freedom Fighters).) On September 27, 2007, Defendants moved, pursuant to Federal Rule of Civil Procedure 12(e), for a more definite statement that would identify "(1) the work that [Plaintiff] contends was infringed or (2) the particular material within the game that [Plaintiff] contends is infringing." (See Defs.' Mot. for a More Definite Statement, dated Sept. 27, 2007 ("Defs.' Mot."), at 1.) To date, Plaintiff has not responded to Defendants' motion.

**For the reasons stated below, Defendants' motion is denied.**

## II.  Legal Standard

Rule 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). Rule 12(e) motions "generally are disfavored because of their dilatory effect," Fisher v. Bldg. Serv. 32B-J Health Fund, No. 01 Civ. 7707, 2001 WL 1586689, at *1 (S.D.N.Y. Dec. 11, 2001) (citation omitted), and "should not be granted unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it," Kok v. First Unum Life Ins. Co., 154 F. Supp. 2d 777, 782 (S.D.N.Y. 2001) (citation omitted).

## III.  Analysis

Defendants argue that "the Complaint does no more than reference [the infringing video game] Freedom Fighters by name" and that "it does not include an image of, or otherwise describe, any allegedly infringing material within the game." (Defs.' Mot. at 3.)

Defendants' motion is denied because the Complaint is sufficient to give Defendants "notice of what [Plaintiff's] claim is," Richard Feiner & Co. v. Larry Harmon Pictures Corp., 38 F. Supp. 2d 276, 279 (S.D.N.Y. 1999), and "adequately enable[s] defendant[s] to form a responsive pleading," I.M.S. Inquiry Mgmt. Sys., Ltd. v. Berkshire Info. Sys., Inc., 307 F. Supp. 2d 521, 533 (S.D.N.Y. 2004); see Carrell v. Shubert Org., 104 F. Supp. 2d 236, 251 (S.D.N.Y. 2000). "Discovery is the appropriate vehicle for obtaining more detail concerning the issues raised in the [Complaint]." Kok, 154 F. Supp. 2d at 781.

2

## IV. Conclusion and Order

For the forgoing reasons, Defendants' motion for a more definite statement [Dkt. # 6] is denied.

The parties are directed to appear for an initial scheduling conference on October 26, 2007 at 9:15 a.m. in Courtroom 21D at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York.

Dated: October 10, 2007
      New York, New York

_____
Richard M. Berman, U.S.D.J.