

# Cooley
## GODWARD KRONISH LLP

DANIEL H. DAVIS
T: (212) 479-6360
F: (646) 619-4894
ddavis@cooley.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/21/07

MEMO ENDORSED

Pl to respond w. th 2-3 pp
letter by 1/4/08. Advise us
where discovery process stands.

SO ORDERED:
Date: 12/21/07
Richard M. Berman, U.S.D.J.

December 20, 2007

**BY HAND DELIVERY**

The Honorable Richard M. Berman
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 650
New York, New York 10007

      RE:    **Christopher Pape v. Electronic Arts, Inc.**
                **07-cv-5760 (RMB)**

RECEIVED
DEC 21 2007
CHAMBERS OF
RICHARD M. BERMAN

Dear Judge Berman:

      Pursuant to the Court's individual practices, Defendant Electronic Arts, Inc. ("EA") requests a pre-motion conference in advance of a potential summary judgment motion on the issue of substantial similarity in this copyright infringement matter. Plaintiff Christopher Pape is an artist who claims copyright in a graffiti-style mural of the word "Freedom." EA published a video game entitled "Freedom Fighters," which includes images of graffiti depicting the word "Freedom." Plaintiff alleges that EA's artwork infringes copyright in his mural. As the copies of Plaintiff's and EA's works attached to this letter as Exhibits A and B, respectively, demonstrate, except for the common use of the word "Freedom" on a wall, they are utterly different, and thus no reasonable factfinder could find them substantially similar, as required to prove copyright infringement.

      To sustain his claim, plaintiff must show that the two works are substantially similar, and that whatever similarities exist are related to protectable expression rather than unprotectable ideas. *See, e.g., Mallery v. NBC Universal, Inc.*, No. 07 Civ. 2250, slip. op. at 14-15 (S.D.N.Y. Dec. 3, 2007) (Cote, J.). Only Plaintiff's original artistic depiction of the word "Freedom" is protected – not the idea of graffiti comprising the word "Freedom" – and EA's depiction of the word differs totally from



The Honorable Richard M. Berman
December 20, 2007
Page Two

Plaintiff's. Summary judgment is appropriate as: (1) substantial similarity is commonly resolved by motion at an early stage; and (2) the works are not substantially similar.[1]

### A.  Substantial Similarity is an Early Stage Question for the Court

Courts in this district commonly resolve questions of substantial similarity on motions for summary judgment. *See, e.g., Walker v. Time Life Films, Inc.*, 784 F.2d 44 (2d Cir. 1986); *Warner Bros. Inc. v. American Broadcasting Co.*, 720 F.2d 231 (2d Cir. 1983); *Silberstein v. Fox Entertainment Group*, 424 F. Supp. 616 (S.D.N.Y. 2004); *Kroencke v. General Motors Corp.*, 270 F. Supp. 2d 441 (S.D.N.Y. 2003). The Honorable Denise L. Cote recently granted such a motion in *Mallery v. NBC Universal*, cited above. The judge converted defendants' Rule 12(b)(6) motion into a summary judgment motion, and noted neither party would suffer any prejudice as a result of the conversion, as "the works in question are the only documents it is necessary to review in order to resolve the questions presented by the motion." *Mallery* at 6, n.2 (internal citations omitted). Here, too, all that is needed to determine substantial similarity are the works, which are undisputed.

### B.  Plaintiff's Work and Defendant's Work are not Substantially Similar

Plaintiff will not be able to show substantial similarity for two reasons. First, the only thing similar about the two works is the idea of the word "freedom" written as graffiti on a wall, and plaintiff cannot claim copyright in that idea. Second, Plaintiff's specific expression of that idea in his artwork does not at all resemble the expression featured in EA's work.

"[C]opyright protection does not extend to ideas; it protects only the means of expression employed by the [artist]." *Little v. Twentieth Century Fox Film Corp.*, 37 U.S.P.Q. 2d 1353, 1355 (S.D.N.Y. 1995); *see also Walker*, 784 F.2d at 48-49; *Warner Bros.*, 720 F.2d at 239-40. Decisions in this district applying that principle have declined to extend copyright protection to ideas

---

[1] EA also denies that its artist – actually an employee of game developer IO Interactive in Copenhagen, Denmark – had access to Plaintiff's work or in fact copied it. To avoid an expensive and unnecessary deposition of an overseas witness, EA requests that discovery as to access be stayed pending resolution of this motion, which will moot that issue.



The Honorable Richard M. Berman
December 20, 2007
Page Three

much more specific than Plaintiff's use of the word "Freedom" here. *See, e.g., Mattel, Inc. v. Azrak-Hamway Int'l, Inc.*, 724 F.2d 357, 360 (2d Cir. 1983) (artist's rendering of muscleman crouching in a traditional fighting pose not protectable); *Williams v. Crichton*, 84 F.3d 581, 588-89 (2d Cir. 1996) (idea of a fictional dinosaur zoo an unprotectable idea). Likewise, the idea of "Freedom" written on a wall is common to groups resisting oppression and cannot be copyrighted by any one individual.

Instead, Plaintiff's rights are limited to his particular expression of the word "Freedom," which is <u>entirely</u> different from EA's work. As shown in Exhibit A, Plaintiff employs primarily orange and yellow colors and capital and small letters, his letter "R" contains both upward and downward pointing arrows, the letter "O" is styled as a heart and contains the text "El Wild De Style," and the "M" ends in a circular flourish. EA's work in Exhibit B is plainly different: it uses a red, white and blue American flag motif within block capitals. No reasonable person could find these two images substantially similar, and therefore EA requests that the issue be resolved by summary judgment.

Respectfully submitted,

Daniel H. Davis

cc:   John W. Crittenden, Esq.

Carl I. Kaminsky, Esq.
135 Ocean Parkway
Brooklyn, NY 11218