*Law Offices*

# Carl Joseph Kaminsky

135 Ocean Parkway
Brooklyn, New York 11218

TEL (718) 854-1505
FAX (718) 854-1505
E-MAIL: copyright.kaminsky@gmail.com

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/3/08

December 28, 2007

> I suggest you all hurry re: discovery as the deadline is 2/29/08!!!
>
> SO ORDERED:
> Date: 1/3/08
> *Richard M. Berman*
> Richard M. Berman, U.S.D.J.

Honorable Richard M. Berman
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl Street
Room 650
New York, New York 10007

    Re: **Christopher Pape v. Electronic Arts, Inc.**
       **07 cv-5760 (RMB)**

Dear Judge Berman:

  I was surprised of the letter addressed to you by Daniel H. Davis, Esq., a copy of which was addressed to John W. Crittenden, Esq. and myself.

  I am somewhat perturbed by the facts involved. Messrs. Crittenden in San Francisco and Daniel H. Davis of New York raise serious questions of law as well as facts.

  My client made a street work painting which occurred in 1983.

  Included in this work was a portion of the painting called "Freedom" which it purportedly took my client's work. My client has been receiving telephone calls from around the country of his work of art. Mr. Crittenden and Mr. Davis take a strange relationship to the work of my client. My client made a work pursuant to § 106(2) of the Copyright Act of 1976, as amended. The copyright owner grants the right "(to prepare derivative works based upon the copyrighted work)". Mr. Crittenden and Mr. Davis take the position that Plaintiff's work is not the same as Defendant's work. However, my client's work is based on a derivative right pursuant to § 106(2).

  Plaintiff's work was similar to Defendant's work. In 2001 the magazine called "Source" was delivered throughout the world including Copenhagen. Copenhagen has a vibrant street art work. In the Fall of 2001, Plaintiff's work was infringed. In 2002, Defendant released copies of the work throughout the United States as well as other countries. Defendant takes the position that his work is not similar to the work of

RECEIVED
JAN 02 2008
CHAMBERS OF
RICHARD M. BERMAN
U S D J

Honorable Richard M. Berman
December 28, 2007
Page -2-

Plaintiff. That is not the issue. The issue involved is whether Defendant's employees or licensees used Plaintiff's work as a basis for making a different work.

I am of the opinion that Electronic Arts, Inc. licensed or hired individuals in Copenhagen, Denmark that after reading the recent magazine "Source". The licensees or employees in Copenhagen prepared a piece of work which contained the word "Freedom". Plaintiff and Defendant are different, but Defendant's work is based on Plaintiff's work.

However, it appears that the party who created the work in Copenhagen knew on reading the magazine, that they used that work as a basis for making their game.

They feel that I am all "wet". I do not believe it.

Defendant takes the position that if Plaintiff's work is different than Defendant's work, there is no liability.

At this stage, I have not had any discovery with respect to Defendant's employees or licensees of the Defendant.

Very truly yours,

Carl I. Kaminsky

CIK:cs

cc:   Daniel H. Davis, Esq.
      Cooley Godward Kronish, LLP
      1114 Avenue of the Americas
      New York, New York 10036

      John W. Crittenden, Esq.
      Cooley Godward Kronish, LLP
      101 California Street, 5th Floor
      San Francisco, California 94111-5800

      Christopher Pape
      304 West 104th Street, P.H.
      New York, New York 10025