

**Cooley**
GODWARD KRONISH LLP

MEMO ENDORSED

DANIEL H. D...
T: (212) 479-6...
F: (212) ...-4894
...s@cooley.com



The Cnt sees no basis to stay discovery or ... to bifurcate the issues. Summary judgment may become appropriate after discovery is completed. The parties may expedite things by engaging in good fa. th settlement.

SO ORDERED:
Date: 1/4/08
Richard M. Berman, U.S.D.J.

January 3, 2008

**VIA FEDEX**

The Honorable Richard M. Berman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 650
New York, New York 10007

RECEIVED
JAN 04 2008
CHAMBERS OF
RICHARD M. BERMAN
U S D J

RE:  Christopher Pape v. Electronic Arts, Inc.
     **07-cv-5760 (RMB)**

Dear Judge Berman:

Pursuant to the Court's order of December 21, 2007, we write with a short discovery update in the above-captioned matter.

Defendant Electronic Arts Inc. ("EA") sent its Rule 26(a)(1) Initial Disclosures to Plaintiff when they were due on November 9, 2007. EA received Plaintiff's Initial Disclosures on November 21, 2007. Plaintiff's initial disclosures were too broad and unspecific to be of any use. For example, in identifying documents that he intends to rely on to support his claims, Plaintiff's counsel listed "Images of 'Freedom' artwork within the game 'Freedom Fighters'" and "all copies of documents including memoranda received by EA during the period commencing June 1, 2000 and thereafter to the date to the commencement of this action." Plaintiff's disclosures did not provide any damage calculation. EA requested that Plaintiff's counsel supplement his initial disclosures, but we have not received any such supplement.

EA served its First Set of Document Requests to Plaintiff on November 16, 2007. Although responses were due on December 17, 2007, we have not yet received any formal response to our requests, nor has Plaintiff produced any actual documents. In a phone call yesterday, January 2nd, Plaintiff's counsel promised to send responses to our document requests sometime next week, and produce actual documents soon after that. EA also served a set of Requests for Admission on November 16, 2007, but we have not received a response.

On November 21, 2007, EA received Plaintiff's First Set of Document Requests. Upon review of Plaintiff's document requests it was clear that Plaintiff's counsel had simply copied and redirected EA's own document requests back at EA. This resulted in a series of nonsensical requests, including, for example, a request that EA produce "any publications in which Plaintiff's Work has been reproduced, displayed, or described" and "all documents supporting [its] contention that EA infringed Plaintiff's copyright to Plaintiff's Work." As to the former, EA has no idea where Plaintiff's work has been reproduced; as to the latter, EA obviously does not contend

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/4/08



**Cooley**
GODWARD KRONISH LLP

The Honorable Richard M. Berman
January 3, 2008
Page Two

that EA infringed Plaintiff's copyright and it does not possess any documents responsive to such a request.

EA sent its formal responses to Plaintiff's First Set of Document Requests on December 17, 2007. EA also informed Plaintiff's counsel of the deficiencies in his document requests by telephone shortly thereafter and suggested that Plaintiff's counsel redraft and resubmit his document requests. It should not be surprising therefore, that Plaintiff's counsel writes in his December 28, 2007 letter to the Court that he has not had "any discovery with respect to Defendant's employees or licensees of the Defendant" – counsel has yet to submit any coherent discovery requests.

EA has noticed the deposition of the Plaintiff, Christopher Pape, for Friday, January 18, 2008, at 10:00 AM, at Cooley's offices in New York. EA wishes to have Plaintiff's documents in advance of the deposition.

Plaintiff's counsel has indicated that he is interested in taking the deposition of the graphic artist who created the "Freedom" graffiti for the EA video game at issue. That graphic artist is an employee of Io Interactive, the developer of the "Freedom Fighters" game, located in Copenhagen, Denmark. Presumably, the purpose of this deposition is to determine whether the graphic artist had access to Plaintiff's work before creating the "Freedom" graffiti for the game. EA denies its artist copied Plaintiff's work, and, as stated in its December 20 letter to the Court seeking a pre-motion conference, contends that as no reasonable factfinder could find Plaintiff's work and the game graffiti substantially similar, the question of access is academic. (Plaintiff counsel's December 28 letter to the Court is devoted exclusively to the issue of access and does not address the dispositive issue of lack of substantial similarity.)

For that reason, EA respectfully requests that the issue of substantial similarity be decided before the parties must incur the expense of a deposition in Denmark that is likely to be unnecessary. Alternatively, EA respectfully requests that Plaintiff first pursue discovery on the question of access by written means before seeking a costly foreign deposition.

Respectfully submitted,

Daniel H. Davis

cc: John W. Crittenden, Esq.

Carl I. Kaminsky, Esq.
135 Ocean Parkway
Brooklyn, NY 11218